NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2284
_____

UNITED STATES OF AMERICA

v.

ANTHONY DENNIS JACKSON; GROSSIE SMITH-JACKSON;
COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF LABOR &
INDUSTRY; PHILADELPHIA GAS WORKS; CITY OF PHILADELPHIA

ANTHONY DENNIS JACKSON,
                                                            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:09-cv-01745)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2013

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 25, 2013)
_____

OPINION
_____

PER CURIAM

    Anthony Dennis Jackson, proceeding pro se, appeals from an order of the United

States District Court for the Eastern District of Pennsylvania denying his motion for

reconsideration and motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b). For the following reasons, we will affirm.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In 1988, Jackson and his now ex-wife purchased real property located at 617 South Cobbs Creek Parkway in Philadelphia, Pennsylvania. In 1998, the Internal Revenue Service ("IRS") assessed tax liabilities for years 1992 through 1994 after Jackson did not file federal income tax returns for those years. Jackson filed untimely returns for the years 1995 through 1998, and the IRS assessed the taxes due. By April 2009, Jackson's outstanding tax liability for the years 1992 through 1998, including penalties and interest, totaled $465,876.15. In April 2009, the IRS referred Jackson's case to the Department of Justice ("DOJ") and requested that it file suit to reduce Jackson's liability to judgment and to foreclose the federal tax liens on his property.

On April 24, 2009, the Government filed a complaint against Jackson, seeking to reduce to judgment the tax assessments for years 1992 through 1998, to foreclose the federal tax liens against Jackson's property, and to have the property sold. The Government also named Jackson's ex-wife, the Commonwealth of Pennsylvania's Department of Labor and Industry, Philadelphia Gas Works, and the City of Philadelphia as defendants who may have claimed an interest in or a lien on the property. Jackson failed to appear, and the Government moved for default judgment. On February 17, 2010, the District Court granted the Government's motion for default judgment, entered judgment in favor of the Government for $469,323.11 plus statutory additions, and

2

foreclosed the federal tax liens on Jackson's property. The District Court also entered an order of sale for Jackson's property. Jackson did not appeal this judgment.

In November 2011, almost two years after the District Court entered judgment, Jackson filed a motion to compel the Government to satisfy the judgment, alleging that he had paid all his tax liabilities with interest and penalties. In opposition, the Government stated that after judgment was entered, Jackson had submitted tax returns for years 1992 through 1994. Based on those forms, and without DOJ's consent, the IRS erroneously made unauthorized abatements of Jackson's liabilities for those years. Around the same time, Jackson paid $22,921.58 towards his liability for 1992, $2,781.65 towards his liability for 1993, and $16,026.53 towards his liability for 1994. However, the IRS reversed the unauthorized abatements around the time when Jackson filed his motion. On December 12, 2011, the District Court denied Jackson's motion to compel, noting that he had failed to establish that he had paid his taxes, penalties, and interest in full.

Jackson filed a combined motion for reconsideration and motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b) on December 22, 2011, asserting that his tax debt had been covered by the abatement and that the IRS had agreed to accept a lesser amount to settle his balance owed. On April 2, 2012, the District Court denied Jackson's motions. Jackson then timely filed his notice of appeal.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review both the denial of a motion for reconsideration and a motion for relief from judgment under Fed. R. Civ.

3

P. 60(b) for abuse of discretion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir.

2010) (per curiam); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

III.

On appeal, Jackson asserts that he was entitled to an evidentiary hearing and that

the District Court denied him due process by not holding one.  He also alleges that the

IRS abated his tax liabilities and that his resulting liabilities have already been satisfied.

Furthermore, Jackson argues that the District Court ignored applicable case law.

## A.    Motion for Relief from Judgment

Jackson asserts that he was entitled to relief under Fed. R. Civ. P. 60(b)(5)

because, according to him, all his tax liabilities were paid.  Rule 60(b)(5) allows a district

court to relieve a party from a final judgment if "the judgment has been satisfied, released

or discharged."  Here, Jackson neither disputes the amount of the judgment entered

against him nor argues that he has paid the full amount of the judgment.  Instead, Jackson

alleges that the three payments totaling $41,729.76 made towards his tax liability for

1992 through 1994 satisfied his total liability.  Accordingly, the District Court properly

determined that Jackson had not satisfied the outstanding judgment.

Jackson's argument that he was entitled to an evidentiary hearing and that the

District Court denied him due process by not holding one is without merit.  A district

court has "substantial discretion in determining whether to conduct an evidentiary

hearing on a Rule 60(b) motion."  United States v. 8136 S. Dobson St., 125 F.3d 1076,

1086 (7th Cir. 1997); see also Atkinson v. Prudential Prop. Co., 43 F.3d 367, 374 (8th

Cir. 1994).  Here, the relevant facts were not in dispute because, again, Jackson did not

4

dispute that he had not paid the full amount of the judgment entered against him, that abatements were entered after his case was referred to the DOJ, or that the IRS reversed the erroneous abatements. Therefore, we find that the District Court did not abuse its discretion in declining to hold an evidentiary hearing.

Jackson's main contention is that the IRS abated his tax liabilities. Under 26 U.S.C. § 7122(a), the IRS "may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the [DOJ] for prosecution and defense; and the Attorney General or his delegate may compromise any such case after reference to the [DOJ] for prosecution or defense." However, "[o]nce a tax matter is referred to the [DOJ], only the Attorney General or a person to whom authority has been delegated by the Attorney General may settle the matter." United States v. Forma, 784 F. Supp. 1132, 1139 (S.D.N.Y. 1992); see also Slovacek v. United States, 40 Fed. Cl. 828, 833 (1998) (agreeing with Forma); Int'l Paper Co. v. United States, 36 Fed. Cl. 313, 321 (1996) (agreeing with Forma); Brubaker v. United States, 342 F.2d 655, 662 (7th Cir. 1965) (determining that excess tax "liabilities cannot be compromised by the Attorney General or the [DOJ] unless and until the Commissioner refers [the matter] to the [DOJ] for prosecution or defense"); cf. Bergh v. Dep't of Transp., 794 F.2d 1575, 1577 (Fed. Cir. 1986) (noting that a compromise is "within the discretion of the agency conducting the litigation").

The IRS lost its authority to compromise Jackson's tax liabilities in April 2009 when it referred Jackson's case to the DOJ for prosecution. Accordingly, the abatements made in 2011 were void because they were made without authorization from the DOJ.

See IRS Chief Counsel Notice CC-2011-020, 2011 WL 4402105 (Sept. 15, 2011) ("Abatement of tax for a tax period referred to [the DOJ] that is made without the approval of [the DOJ] is invalid and may be reversed, because the Service lacks the authority to take such action on the taxpayer's account without Justice approval."); cf. In re Bugge, 99 F.3d 740, 745 (5th Cir. 1996) (clerical error doctrine provides authority for reversal of abatement of original assessment in limited circumstances). Furthermore, the DOJ retains authority to compromise even if a judgment has been obtained and the case has been returned to the IRS for collection. See IRS Chief Counsel Notice CC-2011, 020, 2011 WL 4402105. Accordingly, the original assessments remained valid because the abatements made by the IRS were void. See id. (reassessment not necessary because the post-referral abatements were void).

Finally, Jackson's assertion that the District Court ignored applicable case law is meritless. As an initial matter, Jackson does not cite any particular authority to support his allegation. However, it appears that he is referring to the unpublished order of the United States District Court for the Eastern District of Oklahoma in United States v. Pound, No. CIV-07-427-RAW, 2010 WL 2803918 (E.D. Okla. Feb. 2, 2010), which he attached to his motions. In Pound, the district court concluded that the taxpayer was entitled to post-judgment relief under Fed. R. Civ. P. 60(b)(5) & (6) after the IRS erroneously abated his liabilities. However, the District Court did not err in not following Pound because it had, at most, persuasive value. Furthermore, in 2011, after Pound was decided, the IRS specifically disagreed with Pound and determined that a "post-referral abatement made without approval by Justice is void and the abatement should be

6

reversed and the Service's transcript records corrected." IRS Chief Counsel Notice CC-2011-020, 2011 WL 4402105. Accordingly, the District Court correctly did not follow Pound.

**B.     Motion for Reconsideration**

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669. Jackson did not identify any of these grounds in his motion; instead, his motion for reconsideration relied upon the same arguments as his Rule 60(b) motion. As discussed above, Jackson's arguments have no merit, and so we discern no abuse of discretion in the District Court's denial of Jackson's motion.

IV.

For the reasons stated herein, as well as those set forth by the District Court, we will affirm the District Court's order denying Jackson's motions for reconsideration and relief from judgment.